**Wade CLARK, Jr., et al., Appellants,**

**v.**

**Vernon RUCKER, Appellee.**

Court of Appeals of Kentucky.

March 20, 1964.

John M. Berry, Berry & Floyd, New Castle, for appellants.

John W. Coomes, New Castle, for appellee.

CULLEN, Commissioner.

Vernon Rucker recovered judgment of $3,994.65. on a jury verdict against James Fannon and the latter's employers, Clark and Sharp, as damages for personal injuries arising out of an accident involving Rucker's pick-up truck and a tractor-trailer truck operated by Fannon. The defendants have. appealed.

The appellants' first contention is that Rucker should have been held contributorily negligent as a matter of law.

The Rucker truck, being driven by Mrs. Rucker and with Mr. Rucker as a passenger, was going north on U. S. Highway 421. The Fannon truck was approaching from the opposite direction. The testimony of the Ruckers was that a car pulled out of a driveway and headed south in front of the Fannon truck; that the truck was going so fast it could not stop and Fannon turned into the left lane to pass the car; that this happened within a distance of 150 feet from the Rucker truck; that Mrs. Rucker had no choice but to take the ditch and she applied her brakes and headed for the ditch, where she came to a stop against a stone fence.

Fannon's testimony was that a car came out of a side road into his path some 1,500 feet from the point where the Rucker truck eventually went into the ditch; that Fannon was unable to slow down sufficiently to stay behind the car so he pulled to the left to pass it; that the car speeded up somewhat and the two vehicles went down the road side by side for a distance of some 1,000 feet before Fannon's truck eventually was able to pass the car; that he succeeded in passing the car and getting back on his own side of the road when the Rucker truck still was some distance away; that the Rucker truck skidded off into the ditch and that Fannon brought his truck to a stop, on his own side of the road, some 70 feet north of the point where the Rucker truck came to rest. In substance, Fannon attributed the accident to Mrs. Rucker's loss of control of her truck.

■ The appellants base their argument, that Rucker should have been held contributorily negligent as a matter of law, solely on the evidence that the Rucker truck skidded 68 feet before going into the ditch. They rely on cases holding that *unexplained* skidding may raise an *inference* of negligence. We believe it is unnecessary for us to get into a discussion of whether such an inference could ever rise to the force of a presumption so as to constitute the basis for a directed verdict. We think it is enough to say that here the skidding was explained sufficiently to make the question of negligence one for the jury. It is obvious that the truck skidded because the brakes were applied. Mrs. Rucker said she applied the brakes and headed for the ditch because the Fannon truck was bearing down on her in the wrong lane. This was an acceptable explanation of the reason for the skidding.

■ The fact that the vehicle skidded for 68 feet certainly cannot be considered conclusive evidence of excessive speed, because there is nothing in the record, or in common knowledge, to furnish the basis for a conclusion that a vehicle does not skid for 68 feet unless operated at a speed in excess of a lawful open highway rate.

It is our opinion that the trial court properly ruled that the plaintiff was not as a matter of law contributorily negligent.

■ The appellants make a further contention that the testimony of the Ruckers established that Fannon was confronted by an emergency, by reason of the car's suddenly coming out in front of his truck, and therefore there should have been a directed verdict for the defendants on the ground that as a matter of law Fannon was not negligent. There are two answers to this: First, the testimony of the Ruckers did not exclude the possibility that Fannon saw or should have seen the car *approaching* the highway in sufficient time to slow down. Second, Fannon's own testimony indicated that he drove on the left side of the road a distance of 1,000 feet in attempting to pass the car. His testimony eliminated any basis for saying that as a matter of law he should be exonerated by reason of emergency.

■ Complaint is made of the admission of an estimate by Rucker of the speed of the Fannon truck. Rucker said that he was leaning over, tying his shoes, when his wife screamed; he looked up and saw the Fannon truck approaching; he estimated its speed at 60 miles per hour. The appellants argue that this estimate, based on a fleeting glance, was without evidentiary value. Assuming for the purpose of discussion that the estimate should not have been admitted, we believe its admission could not have had any material effect in the reaching of the verdict. There was only one real issue in the case, that being whether the Fannon truck got back on its own side of the road soon enough so that there was no justification for Mrs. Rucker to take the ditch. Whether the speed of the Fannon truck was 45 m. p. h. as Fannon testified, or 60, was not important in determining that issue and we do not believe the jury reasonably could have given it any importance.

■ The appellants maintain that because of a certain lack of grammatical perfection in the allegations of the complaint, the plaintiff was not entitled to an instruction on pain and suffering. The point does not have sufficient merit to warrant discussion.

■ Finally, it is contended that the damages are excessive. The total award was $3,994.65, of which $394.65 was for medical and hospital expenses. Rucker claimed a whiplash injury. He saw one doctor eight times. He went to another doctor who put him in the hospital for examination for two days. Then he went to a neuro-surgeon who put him in another hospital, in traction, for seven days. Subsequently he was treated by a chiropractor 10 or 15 times. He complained of constant pains in his neck and left arm and at the time of the trial, three years after the accident, he said he was still suffering pain. The doctors testified that he had a cervical nerve root or vertebrae injury, that there were objective indications of pain, and that his complaints were not mainly subjective. Under this evidence the verdict does not strike us as being excessive.

The judgment is affirmed.